IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PENNY HORNE                                               PLAINTIFF

V.                                                  NO: 1:23CV17-GHD-DAS

XL INSURANCE AMERICA INC.;                               DEFENDANTS
EMPLOYBRIDGE HOLDING
COMPANY; MTD PRODUCTS
COMPANY; VALERIE BELOW AND
JOHN DOES A-Z

## MEMORANDUM OPINION

Presently before the Court are three motions: Defendant MTD Products Company's Motion to Dismiss [13], Defendant Valerie Below's Motion to Dismiss [15], and Plaintiff Penny Horne's Motion to Remand to State Court [26]. Upon due consideration, for the reasons set forth herein, the Court hereby grants Defendant MTD Product Company's Motion to Dismiss [13], grants Defendant Valerie Below's Motion to Dismiss [15], and denies Plaintiff Penny Horne's Motion to Remand to State Court [26].

### Factual and Procedural Background

According to the complaint, Plaintiff Penny Horne suffered an injury to her lower back while in the course and scope of her employment with EmployBridge on or about September 8, 2020. EmployBridge is a temp agency which placed Plaintiff Horne with MTD Products Company. The lower back injury was reported to the employer, or managing agents of, Defendant EmployBridge. Plaintiff Horne alleges that Defendant EmployBridge and its agents, along with all other defendants, actively obstructed, hindered, and/or disregarded the Plaintiff's workers' compensation claim. Defendant EmployBridge's workers' compensation carrier is Defendant XL Insurance.

1

Plaintiff alleges that treatment for her injury began on or about September 14, 2020, and a follow up appointment was held on or about September 21, 2020. Plaintiff reported during the September 21, 2020, exam that her pain had increased from her lower back injury because she had not yet started physical therapy due to Defendant XL Insurance not approving that treatment. Plaintiff alleges that Defendants EmployBridge and XL Insurance did not arrange this next form of treatment for an extended period of time. The pleadings allege that the Plaintiff's treatment was delayed for almost a year before her care, treatment, and eventual surgery were approved. Plaintiff lastly alleges that a false and/or misleading statement from Defendant Valerie Below, an employee of MTD Products, caused the denial of Plaintiff's claim.

Plaintiff's complaint contains one count alleging bad faith and breach of fiduciary duty as to all Defendants, which the Court finds to be a claim of a bad faith denial of workers' compensation benefits.

### Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal,* however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

### Discussion

The Court first addresses Defendant MTD Products' ("MTD") Motion to Dismiss [13] and Defendant Valerie Below's Motion to Dismiss [15] together. MTD and Below acknowledge that Mississippi law allows for employers and employer's workers' compensation insurance carriers to be held liable for the bad faith denial/delay of an employee's workers' compensation claim. However, Defendants MTD and Below argue that they are neither Horne's employer nor her

employer's workers' compensation carrier and thus have no contractual duty to provide workers' compensation benefits to the Plaintiff.

To state a claim for bad faith denial of workers' compensation benefits, a plaintiff must allege an intentional refusal to provide workers' compensation benefits. A claim of bad-faith refusal to pay workers' compensation benefits has "three essential elements: (1) a contract of workers' compensation insurance existed between the defendant and the plaintiff's employer; (2) the carrier denied the plaintiff's compensable workers' compensation claim without a legitimate or arguable reason; and (3) the denial of benefits constitutes a willful and intentional or malicious wrong." *Patrick v. Wal-Mart, Inc., --Store No. 155*, 681 F.3d 614, 621 (5th Cir. 2012) (citing *AmFed Cos., LLC v. Jordan*, 34 So.3d 1177, 1183 (Miss.Ct.App.2009)) (quoting *Rogers v. Hartford Accident & Indem. Co.*, 133 F.3d 309, 312 (5th Cir.1998)). Further, to establish the elements of a bad faith refusal to pay claim, the plaintiff must show: (1), an intentional refusal by the defendant to pay with reasonable promptness the insured's claim; and (2), the absence of any arguable reason for the defendant's refusal to pay with reasonable promptness. *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So.2d 833, 847 (Miss.1984). The standard is the same for a claim based on delay of benefits. See *Bullocks v. Gottfried Corp.*, 403 Fed. Appx. 947, 950 (5th Cir. 2010).

Defendants MTD and Below assert that since a crucial element of a bad faith workers' compensation denial claim is the existence of a contractual duty or obligation to pay or provide workers' compensation benefits, MTD and Below cannot be held liable. The Defendants base this argument on the fact that while a plaintiff's employer and the employer's workers' compensation carrier may be held liable for bad faith refusal to pay workers' compensation benefits, MTD and Below are neither Horne's employer nor the workers' compensation carrier. Defendants MTD

and Below were not alleged to have been the party who refused or delayed payment to the Plaintiff. Thus, Defendants MTD and Below argue that they lack any contractual duty to provide workers' compensation benefits or workers' compensation insurance, therefore they did not refuse or delay payment of workers' compensation benefits to the plaintiff.

Plaintiff responds to this argument by claiming that Horne was employed by both EmployBridge and MTD. An employee, following Mississippi law, may have two employers under the theory of "dual employment." See *Biggart v. Texas Eastern Transmission Corp.*, 235 So.2d 443 (Miss. 1970). Plaintiff Horne, in response to the present motions, also further expands on the breach of fiduciary duty claim alleging Defendant Below was untruthful when responding to XL Insurance America concerning Plaintiff Horne's injury. In support of this claim, Plaintiff Horne cites the Texas case of *Warnke*. *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 348 (Tex.App. 2011).

The Court is limited to the allegations contained in the complaint when reviewing a 12(b)(6) motion to dismiss. In the present complaint, the Plaintiff only references EmployBridge as Horne's employer while also acknowledging that XL Insurance America is EmployBridge's workers' compensation insurance carrier. MTD is only alleged to be Valerie Below's employer. Plaintiff concedes in a response to the present motions that MTD was not required to carry workers' compensation coverage for Horne. Specifically, Plaintiff states that "MTD was not required to carry workmen's compensation coverage for Horne...." [23].

Plaintiff makes no allegation in the complaint that MTD or Below was Horne's employer while also later acknowledging that there was no contract between Defendants MTD or Below and XL Insurance America for workers' compensation coverage or insurance. Plaintiff has failed to allege that MTD or Below had any contractual duty or responsibility for the payment of workers'

compensation benefits or for providing workers' compensation insurance. Therefore, a claim alleging a bad faith failure to pay workers' compensation benefits cannot be maintained against defendants who were not the plaintiff's employer, not the employer's workers compensation insurance provider, lacked the duty or authority to pay workers' compensation benefits, and did not decide to deny or delay Horne's workers' compensation benefits.

Further, the case of *Warnke* cited by the Plaintiff does not provide any basis to sustain a bad faith denial of workers' compensation benefits claim against Defendants MTD and Below, nor does the case provide that a claim against Below for breaching a duty to respond truthfully to XL Insurance America may be sustained under these circumstances. *Warnke* provided that the plaintiff had stated a valid claim by alleging that their employer made misrepresentations concerning its workers' compensation insurance coverage. *Id.* First, this case follows Texas law, not Mississippi law, and second, the circumstances are entirely different in which a claim alleging misrepresentations was allowed to proceed. The complaint does not allege that MTD or Below was Horne's employer, and the complaint does not allege that these Defendants are responsible for carrying workers' compensation insurance, much less responsible for providing the Plaintiff with the workers' compensation benefits. Without these factual allegations, Plaintiff has not alleged that there has been "an intentional refusal by [MTD or Below] to pay with reasonable promptness the insured's claim…" as required to hold an employer or carrier liable for bad faith refusal to pay a claim. *Blue Cross & Blue Shield of Miss., Inc.*, 466 So.2d at 847. The Court finds that the Plaintiff has failed to adequately plead facts that would "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged" or facts that "support the elements of the cause of action in order to make out a valid claim." *Iqbal*, 556 U.S.

at 678; *Twombly*, 550 U.S. at 556; Webb, 522 F. App'x at 241.    Therefore, Plaintiff's claims against Defendants MTD and Below are dismissed.

The Court next turns to Plaintiff's Motion to Remand to State Court [26].  This case was removed by the Defendants to federal court on January 26, 2023, on the grounds of diversity jurisdiction, claiming that Defendant Below was improperly joined.  Plaintiff Horne's Motion to Remand argues that if Below's Motion to Dismiss is denied then the case must be remanded to state court since there will not be complete diversity of the parties.  The parties in this matter appear to universally agree that if Defendant Below's Motion to Dismiss is granted, then this Court will maintain diversity jurisdiction.

Since Plaintiff Horne and Defendant Below are non-diverse, removal jurisdiction is only proper if Below was improperly joined.  An improper joinder occurs if a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  The Court may conduct a Rule 12(b)(6) analysis to resolve this inquiry, looking to see if a plausible claim has been stated against the in-state defendant, as has been done in the present opinion. *Id.* at 573. As the Court discussed previously, the Plaintiff failed to include specific factual allegations or plausible causes of action against Valerie Below in the complaint, thus the Plaintiff failed to state a claim against Below.  Thus, the Court concludes that the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face as to Defendant Below and that Defendant Below was improperly joined.

### Conclusion

For the reasons stated above, the Court finds that Defendant MTD Products Company's Motion to Dismiss [13] shall be granted and the Plaintiff's claims against it dismissed; Defendant

Valerie Below's Motion to Dismiss [15] shall be granted and the Plaintiff's claims against her dismissed; and Plaintiff Penny Horne's Motion to Remand to State Court [26] shall be denied. Plaintiff's claims against Defendants XL Insurance America, Inc. and EmployBridge Holding Company remain.

An order in accordance with this opinion shall issue this day.

THIS, the _____ day of May, 2023.

SENIOR U.S. DISTRICT JUDGE